Filed 2/9/24  In re H.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re H.L., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>E.L.,<br><br>     Defendant and Appellant. | E081578<br><br>(Super.Ct.No. RIJ1400255)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Caryl A. Lee, Judge

(Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art.

VI, § 6 of the Cal. Const.)  Affirmed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for

Defendant and Appellant.

1

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

The juvenile court terminated the parental rights of presumed father, defendant and appellant E.L. (Father), to his daughter, H.L. (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Father contends the juvenile court erred because, during the initial inquiry phase (§ 224.2, subs. (a)-(c)), plaintiff and respondent Riverside County Department of Public Social Services (the Department) did not adequately inquire of H.L.'s extended family regarding possible Native American ancestry. We affirm.

## FACTS

H.L. was born in a hospital in late May 2021. The day after H.L. was born her mother, P.L. (Mother) checked herself out of the hospital, against medical advice, and H.L. was admitted to the neonatal intensive care unit. On May 31, 2021, the juvenile court issued a protective custody warrant for H.L. On June 2, 2021, the Department informed Father that it would be removing H.L. from Father and detaining her; H.L. remained in the hospital. After H.L. was discharged from the hospital, the Department placed her in foster care.

Father told the Department that he does not have Native American ancestry. In 2022, H.L.'s adult half-brother also denied having Native American ancestry. The Department spoke with Father's brother but failed to ask him about Native American ancestry. The Department spoke with Father's paternal cousin, J.H., but failed to

---

[1] All subsequent statutory references are to the Welfare and Institutions Code.

2

question her about Native American ancestry. Father had a telephone number for his mother (H.L.'s grandmother), but the Department did not contact her to inquire about Native American ancestry.

## DISCUSSION

Father contends that during the initial inquiry phase into H.L.'s possible Native American ancestry the Department erred by not questioning H.L.'s extended family. The Department concedes it did not question H.L.'s extended family regarding possible Native American ancestry.

When a child is removed from their parent pursuant to a protective custody warrant (§ 340), the Department is not obligated to question extended family members about possible Native American ancestry during the initial inquiry phase. (*In re Robert F.* (2023) 90 Cal.App.5th 492, 500, review granted July 26, 2023, S279743 [lead case is *In re Ja.O.*, review granted July 26, 2023, S280572].)

The juvenile court issued a protective custody warrant for H.L.'s removal. Therefore, during the initial inquiry phase, the Department was not required to question H.L.'s extended family members about their possible Native American ancestry. Correspondingly, the juvenile court did not err by terminating Father's parental rights despite the Department not inquiring of H.L.'s extended family regarding possible Native American ancestry.

3

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

I concur:

MENETREZ

J.

4

[*In re H.L.; DPSS v. E.L.*, E081578]

RAMIREZ, P. J., Dissenting.

I respectfully dissent. The majority declares that a child services agency is not obligated to question extended family members about a child's possible Native American ancestry in a case like the present one in which a child is removed pursuant to a protective custody warrant issued pursuant to section 340 of the Welfare and Institutions Code.[1] Left unmentioned is that our court is divided on that issue.

In the case cited in the majority's opinion, *In re Robert F.*, a panel of this court held that the extended inquiry requirement set forth in subdivision (b) of section 224.2 does not apply if a child is removed pursuant to a section 340 protective custody warrant. (*In re Robert F.* (2023) 90 Cal.App.5th 492, 500, review granted July 26, 2023, S279743 (*Robert F.*); see also *In re Andres R.* (2023) 94 Cal.App.5th 828, 849, but see *id.* at pp. 860-865 (conc. opn. of Slough, J.).)

However, the majority of another panel of this court disagreed with *Robert F.* in *In re Delila D.* (2023) 93 Cal.App.5th 953, 962, 965-976, review granted September 27, 2023, S281447(*Delila D.*). *Delila D.* concluded the holding in *Robert F.* is bottomed on a plain error of statutory construction which, if followed, undermines the very purpose of Assembly Bill No. 3176. (*Ibid.*) Enactment of the provisions of that Bill imposed new requirements intended to implement and enhance the federal Indian Child Welfare

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise noted. All references to rules are to California Rules of Court.

1

Act (ICWA ), 25 U.S.C. 1901, et seq., including subdivision (b) of section 224.2. (Added by Stats. 2018, ch. 833, § 5 (AB 3176), eff. Jan. 1, 2019.)

In my view, the analysis set forth in *Delila D.* and its progeny are persuasive. (*Delila D.*, *supra*, 93 Cal.App.5th at pp. 965-976, review granted; accord, *In re C.L.* (2023) 96 Cal.App.5th 377, 385-391 (Third District); *In re V.C.* (2023) 95 Cal.App.5th 251, 256-260 (First District, Division 2); *In re Jerry R.* (2023) 95 Cal.App.5th 388, 411-426 (Fifth District).)  Accordingly, I would conditionally reverse the order terminating parental rights with instructions to comply with California's provisions designed to implement and enhance, including the inquiry provisions set forth in subdivision (b) of section 224.2 and rule 5.481(a)(1).

RAMIREZ       

P. J.